NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK GALLARDO THUNDER HAWK, AKA Frank Ray Gallardo, AKA Frank Thunder Hawk Gallardo, | No. 19-35302 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00004-DCB |
| v. | MEMORANDUM* |
| MYKAL CRAMER, United States Marshal; DAVID HICKMAN, United States Marshal, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
David C. Bury, District Judge, Presiding

Submitted February 17, 2021**

Before:      FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Frank Gallardo Thunder Hawk appeals pro se from the district court's order

finding that the parties' settlement agreement rendered his appeal to this court

moot.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

determination of mootness, and for clear error the factual determination underlying the mootness determination. *Rosebrock v. Mathis*, 745 F.3d 963, 970 n.8 (9th Cir. 2014). We review for an abuse of discretion the district court's enforcement of a settlement agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We affirm.

Thunder Hawk does not dispute that, after he filed this appeal, the parties entered into a valid settlement agreement releasing defendants from liability regarding Thunder Hawk's claims. Accordingly, we affirm the district court's determination that Thunder Hawk's appeal of its order granting summary judgment is moot. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129-32 (9th Cir. 2005) (en banc) (a claim is moot where "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in determining that defendants did not violate the terms of the settlement agreement. *See* 31 U.S.C. § 3716(a) (the Treasury Offset Program assigns the responsibility of notifying the debtor to the creditor agency); 31 C.F.R. § 285.5(c)(2) (requiring the U.S. Treasury, as the dispersing official under the Treasury Offset Program, to "offset the payment to satisfy, in whole or part, the payee's debt to the extent allowed by law").

We do not decide whether Thunder Hawk has a remedy for his offset claims

2                                                                                    19-35302

through a separate action against the U.S. Treasury or the creditor federal agency.

Thunder Hawk's motion to appoint counsel (Docket Entry No. 33) is denied.

**AFFIRMED.**

19-35302